UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK W.,

          Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C22-5423-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing his subjective symptom testimony. (Dkt. # 11 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1972, has an eighth-grade education and a GED, and has worked as a truck driver. AR at 44-45, 219, 237. Plaintiff was last gainfully employed in April 2018. *Id.* at 237.

ORDER - 1

In September 2019, Plaintiff applied for benefits, alleging disability as of October 30, 2018.[1] AR at 201-08. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 133-40, 143-50. After the ALJ conducted a hearing in April 2021 (*id.* at 35-72), the ALJ issued a decision finding Plaintiff not disabled because he could perform the full range of sedentary work with no additional limitations. *Id.* at 15-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 3.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to April 30, 2019. AR at 49-50.

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

The ALJ summarized Plaintiff's allegations, specifically his testimony that he cannot sit longer than 20 minutes due to rectal pain and cannot stand for longer than 20 minutes due to foot pain. AR at 26. The ALJ noted that these alleged limitations would prevent Plaintiff from performing sedentary work, but the ALJ discounted the allegations because: (1) Plaintiff never complained of rectal pain or an inability to sit for long periods to his providers; (2) Plaintiff's gait and station were regularly observed to be normal; and (3) Plaintiff's providers regularly indicated that Plaintiff was capable of performing light or sedentary work. *Id*. The ALJ also noted that although Plaintiff experienced repeated shoulder dislocations during the adjudicated period, the pain symptoms resolved once the shoulder was manually reduced, and therefore no ongoing shoulder limitations persisted. *Id*. at 25-26.

Plaintiff contends that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit.[2] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, Plaintiff contends that the ALJ overlooked his complaints of problems sitting and his resulting need to change positions, and that the ALJ failed to explain why he did not credit Plaintiff's testimony (AR at 63-65) that he required 2-3 breaks per day to clean his colostomy bag. (Dkt. # 11 at 3-4.)

---

[2] Although the Commissioner contends that the ALJ relied on Plaintiff's activities as a reason to discount his allegations (dkt. # 12 at 3-4), the Court detects no such reasoning in the decision. In this order, the Court will only assess the legal sufficiency of the reasoning evident in the ALJ's decision.

ORDER - 3

Although the record does contain complaints of rectal pain or discomfort with sitting, these complaints are limited to the three months following Plaintiff's most recent surgery and Plaintiff stopped reporting problems sitting and rectal pain as his surgery wound healed. *See, e.g.*, AR at 790-91, 795, 797-803, 804, 806-10, 932-33, 878, 880-83, 899, 945, 975, 1072, 1073-75, 1097. Plaintiff has not pointed to any evidence that he complained to his providers of ongoing rectal pain or problems sitting, and thus he has not shown that the ALJ erred in finding this allegation to be unsupported in the record. Lack of support in the record is a proper basis for discounting Plaintiff's alleged limitations as to the duration of sitting as well as a need for changing positions due to rectal pain. *See, e.g., Greger v. Barnhart*, 464 F.3d 968, 972-73 (9th Cir. 2006) ("Because Greger did not report any fatigue to his doctors during the relevant period, the ALJ properly limited the hypothetical to the medical assumptions supported by substantial evidence in the record.").

But the Court does find merit in Plaintiff's contention that the ALJ erred in failing to explain why he discounted Plaintiff's alleged need for multiple breaks per day to clean his colostomy bag. The ALJ acknowledged this testimony (AR at 22), but did not explain why it was not credited. The Commissioner points to evidence showing that Plaintiff could care for his colostomy independently (dkt. # 12 at 3-4 (citing AR at 523, 1097)), but this evidence does not speak to how often or for how long Plaintiff must care for his colostomy bag each day, nor does it show that this activity would not impact Plaintiff's ability to work. The vocational expert ("VE") testified at the hearing that if an employee required multiple breaks totaling an hour per day to change a colostomy bag and lay down due to pain from sitting, such breaks would be work-preclusive. AR at 69-70.

Although Plaintiff urges the Court to find that in light of this VE testimony, Plaintiff should be found disabled because the length of the breaks he requires would preclude employment (dkt. # 13 at 6), the Court declines to order this remedy. Plaintiff has indeed shown that the ALJ erred in failing to account for his testimony regarding his need for breaks to change his colostomy bag, but it is not entirely clear from the hearing testimony or the remainder of the record how long such breaks would total, whether these breaks would be in addition to routine bathroom breaks, or whether any particular facilities are needed for this activity. Without this information, the Court cannot find on this record that the breaks Plaintiff requires to change his colostomy bag are necessarily work-preclusive. As noted *supra*, the VE referenced breaks totaling one hour to cover changing the colostomy bag *and* laying down due to rectal pain, but it is not clear how long the colostomy-related breaks would be. Therefore, the Court finds that further development of the record is required on remand.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should further develop the record regarding the vocational limitations resulting from Plaintiff's need to change his colostomy bag, and reconsider any other parts of the decision as needed.

Dated this 4th day of November, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge